IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN MCMICKLE,<br><br>        Plaintiff,<br><br>  v.<br><br>GLOUCESTER COUNTY SHERIFF'S OFFICE, et al.,<br><br>        Defendants. | Civil No. 18-11847 (JBS/AMD) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court in light of Plaintiff John McMickle's (hereinafter, "Plaintiff") failure to appear for a court-ordered conference on March 26, 2019 in response to the Court's Order to Show Cause dated March 8, 2019. The Order to Show Cause directed Plaintiff to appear on March 26, 2019 to "show cause as to why an Order for dismissal with prejudice should not be entered (1) for his failure to enter an appearance *pro se* or have an attorney enter an appearance on his behalf; and (2) for Plaintiff's failure to prosecute his case[.]" (*See* Order to Show Cause [D.I. 20], p. 2.) The Court decides this matter on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) in light of the

dispositive nature of recommended sanctions. For the reasons set forth herein, the Court recommends that Plaintiff John McMickle's complaint be dismissed with prejudice.

The complaint in this matter was filed on behalf of Plaintiff by Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC on June 21, 2018 in the Superior Court of New Jersey, Law Division, Gloucester County. Defendants, Gloucester County Sheriff's Office and John Does 1-5 and 6-10 filed a Notice of Removal of this action from the Superior Court to the United States District Court on July 19, 2018. (*See* Notice of Removal and Complaint [D.I. 1].) The complaint alleges violations of the New Jersey Law Against Discrimination and the Uniformed Services Employment and Re-Employment Rights Act. (*See generally id.*) On December 20, 2018, Deborah L. Mains, Esquire, on behalf of Costello & Mains, LLC, filed a motion to withdraw as attorney for Plaintiff citing the New Jersey Disciplinary Rules of Professional Conduct. (*See* Certification of Deborah L. Mains in Support of Motion to be Relieved as Counsel [D.I. 14-1], ¶ 8.) The Court, by way of Order dated December 21, 2018, scheduled an in-person hearing for January 23, 2019 and directed the law firm of Costello & Mains, LLC to "advise the Plaintiff John McMickle of the date and time of the hearing by mailing a copy of [the] Order by first class mail and certified mail" and

further directed that "[c]ounsel for all parties and Plaintiff John McMickle [ ] appear at the hearing." (*See* Scheduling Order [D.I. 15], Dec. 21, 2018, p. 1.) Plaintiff failed to appear at the hearing on January 23, 2019, and the Court subsequently granted the motion to withdraw filed on behalf of Costello & Mains, LLC. In the Court's Order granting withdrawal, dated January 23, 2019, the Court directed that "Plaintiff shall either enter his appearance *pro se* or shall obtain an attorney and have new counsel enter an appearance on his behalf in this case **within thirty (30) days** from the date of entry of this Order[.]" (*See* Order [D.I. 17], p. 2.) The Court also scheduled a telephone conference in this matter for March 7, 2019. (*Id.*) The Court further directed the law firm of Costello & Mains, LLC to serve a copy of the Order on Plaintiff and to file proof of service of the Order on the docket in order for withdrawal to become effective. A Certification of Service by Deborah Mains, Esquire, was filed on the docket on January 23, 2019. (*See* Certification of Service [D.I. 18], Jan. 23, 2019.)

The Court notes that Plaintiff failed to appear for the telephone conference scheduled for March 7, 2019. As noted *supra*, on March 8, 2019, the Court issued an Order to Show Cause directing Plaintiff to appear on March 26, 2019, to "show cause as to why an Order for dismissal with prejudice should not be

3

entered (1) for his failure to enter an appearance *pro se* or have an attorney enter an appearance on his behalf; and (2) for Plaintiff's failure to prosecute his case[.]" (*See* Order to Show Cause [D.I. 20], p. 2.) The Order to Show Cause further stated that failure to appear at the Court's March 26, 2019 hearing "may result in the imposition of sanctions, including dismissal of the case." (*Id.* at p. 3.) The Clerk's Office mailed the Order to Show Cause to Plaintiff at his last known address on March 8, 2019, and subsequently received the certified mail, return receipt card signed by Plaintiff on March 12, 2019. (*See* Certified Mail, Return Receipt Card [D.I. 22], March 12, 2019.)

Federal Rule of Civil Procedure 41(b) enables the Court to *sua sponte* dismiss an action where "the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure and/or "a court order[.]" FED. R. CIV. P. 41(b); *see also Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012) (noting that, "[u]nder Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if a plaintiff fails to prosecute his case") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Federal Rule of Civil Procedure 37(b) similarly authorizes the striking of pleadings or the dismissal of an action where a party "fails to

4

obey an order to provide or permit discovery[.]"[1] FED. R. CIV. P. 37(b)(2)(A). Dismissals, however, constitute "'drastic sanctions, termed 'extreme' by the Supreme Court, ... and are to be reserved for [such] cases.'" *Chiarulli v. Taylor*, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867–68 (3d Cir. 1984)), *adopted by*, 2010 WL 1566316 (D.N.J. Apr. 16, 2010). In determining the propriety of dismissal, the Court must ordinarily balance the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 864 (3d Cir. 1984). The Court need not, however, conduct a balancing of the *Poulis* factors where, as here, "a plaintiff refuses to proceed with his case or otherwise makes adjudication of [the] case impossible[.]" *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (affirming the district court's dismissal of plaintiff's complaint, despite the fact that the court did not "appear to weigh the *Poulis* factors"); *see also Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) ("when a litigant's conduct makes adjudication of the case impossible," a *Poulis* balancing "is unnecessary").

---

[1] The Court may also impose sanctions pursuant to Federal Rule of Civil Procedure 16(f) where a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference" or "(C) fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(A), (C).

5

Here, Plaintiff has failed to prosecute this action. Despite clear warning from the Court concerning the effect of noncompliance, Plaintiff has failed to appear for the Court's multiple court-ordered conferences; failed to enter an appearance *pro se* in this matter and/or failed to have an attorney enter an appearance on his behalf. Moreover, Plaintiff has not proffered any explanation for his failure to participate in the prosecution of this action. The Court therefore finds that Plaintiff's repeated failures have rendered "impossible" the adjudication of Plaintiff's case. *See Abulkhair*, 467 F. App'x at 153. Consequently, the Court need not conduct a *Poulis* balancing under these circumstances because Plaintiff's failure to prosecute, without more, warrants the dismissal of Plaintiff's complaint. *Id.* at 153 (finding a *Poulis* balancing "not necessary" in light of plaintiff's repeated failures to respond and to comply with the court's orders); *Shipman*, 381 F. App'x at 164 (finding "dismissal for failure to prosecute" warranted, notwithstanding the fact that "the District Court did not make explicit findings concerning the *Poulis* factors"); *CRA, Inc. v. Ozitus Int'l, Inc.*, No. 16-5632, 2019 WL 1493366, at *2-3 (D.N.J. Apr. 4, 2019) (determining that because plaintiff had affirmatively "abandoned its case" a further examination of the *Poulis* factors was not necessary).

However, even upon consideration of the *Poulis* factors, the Court concludes that the present circumstances warrant the dismissal of Plaintiff's complaint. Specifically, in accordance with the *Poulis* factors, the Court evaluates: (1) "[t]he extent of the party's personal responsibility[]"; (2) the "prejudice to the adversary" caused by the failure to meet scheduling orders and respond to discovery; (3) "[a] history of dilatoriness[;]" (4) whether the conduct of the party or the attorney "was willful or in bad faith[;]" (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the "[m]eritoriousness of the claim" or defense. *Poulis*, 747 F.2d at 868-69. *Poulis*, however, "'requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" *Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, No. 12-722, 2013 WL 5176735, at *3 (D.N.J. Sept. 12, 2013) (quoting *Chiarulli*, 2010 WL 1371944, at *4) (adopting and restating this Court's report and recommendation). The Court therefore need not "find each factor in order to justify a dismissal." *Starland v. Fusari*, No. 10-4930, 2012 WL 3277084, at *2 (D.N.J. Aug. 9, 2012) (citing *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Azkour v. Aria*, 330 F. App'x 373, 375 (3d Cir. 2009)).

The first *Poulis* factor requires an examination of the extent of the party's personal responsibility. *Poulis*, 747 F.2d at 868. Plaintiff is responsible for the lack of prosecution in this case. Indeed, the Court finds Plaintiff's failures to appear and to comply with court orders solely attributable to Plaintiff. The first *Poulis* factor accordingly favors dismissal of Plaintiff's complaint.

"Under the second *Poulis* factor, the Court examines the prejudice to other parties caused by the delay, including considering whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party.'" *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Huertas v. City of Phila.*, No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005), *aff'd*, 139 F. App'x 444 (3d Cir. 2005), *cert. denied*, 546 U.S. 1076 (2005)). However, prejudice need not be "'irremediable' or 'irreparable[.]'" *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (citation omitted). Rather, a party may be prejudiced if the adversary's conduct impedes "its 'ability to prepare effectively a full and complete trial strategy[.]'" *Chiarulli*, 2010 WL 1371944, at *3 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). Here, the Court finds that Plaintiff's failure to appear and failure to comply with

court orders results in prejudice to Defendants in that Defendants cannot complete discovery in this matter. *See Hayes v. Nestor*, No. 09-6092, 2013 WL 5176703, at *4 (D.N.J. Sept. 12, 2013) (adopting this Court's report and recommendation, which found that the plaintiff's conduct rendered "it unnecessarily difficult for [d]efendants to litigate the case"). The second *Poulis* factor therefore heavily favors dismissal. *See Chiarulli*, 2010 WL 1371944, at *3 (noting that "[a] finding of prejudice to the opposing party under *Poulis* 'weighs heavily in favor of dismissal'") (citation omitted).

Under the third *Poulis* factor, the Court examines whether the disputed conduct evinces a pattern of dilatoriness. *Poulis*, 757 F.2d at 868. "'Extensive or repeated delay or delinquency'" or "'consistent tardiness in complying with court orders'" suffices to demonstrate a history of dilatoriness. *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citing *Poulis*, 747 F.2d at 868)). However, the Court need not find multiple instances of dilatory action in order to warrant dismissal. *Poulis*, 747 F.2d at 868. Plaintiff's failures to appear demonstrate a history of dilatory action. In this case, the third *Poulis* factor therefore favors dismissal. *See Mercer v. Under Armour, Inc.*, No. 16-581, 2017 WL 891769, at *2-

3 (D.N.J. Feb. 3, 2017) (holding plaintiff's failure to appear for court-ordered conferences or to appear *pro se* or have an attorney enter an appearance demonstrated a history of dilatory conduct), *adopted by,* 2017 WL 886969 (D.N.J. Mar. 6, 2017); *Solomon v. Atl. City Hilton Casino & Resort*, No. 10-5701, 2013 WL 3070884, at *5 (D.N.J. Apr. 8, 2013) (finding plaintiff's failure to provide Rule 26 disclosures or to respond to defendants' motions to dismiss demonstrated a history of dilatoriness), *adopted by*, 2013 WL 2445015 (D.N.J. May 7, 2013).

The fourth *Poulis* factor considers whether the disputed conduct rises to the level of willful or bad faith. *Poulis*, 747 F.2d at 868. "In the context of discovery sanctions, willfulness and bad faith 'involve[] intentional or self-serving behavior.'" *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Adams*, 29 F.3d at 875). Moreover, where the record remains unclear, "a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth *Poulis* factor.'" *Hunt-Ruble*, 2012 WL 2340418, at *5 (citations omitted) (adopting and restating this Court's report and recommendation). The Court notes that Plaintiff has not proffered any justification for failing to comply with the court's orders. The Court's Order to Show Cause expressly provided that, failure to appear "may result in the imposition

of sanctions, including dismissal of the case." (*See* Order to Show Cause [D.I. 20], p. 3.) The Court finds that Plaintiff's actions constitute "a willful failure to participate in this litigation[,]" rather than mere "negligence[.]" *Hunt-Ruble*, 2012 WL 2340418, at *5 (citing *Jackson Hewitt, Inc. v. Adams,* No. 04-3610, 2006 WL 1457989, at *3 (D.N.J. May 22, 2006)); *see also Hayes*, 2013 WL 5176703, at *5 (adopting this Court's report and recommendation finding the plaintiff's noncompliance with the court's orders to be willful and intentional). The fourth *Poulis* factor therefore favors dismissal.

With respect to the fifth *Poulis* factor, the Court considers the efficacy of sanctions other than dismissal. *See Poulis*, 747 F.2d at 868. In light of Plaintiff's multiple failures to appear, the Court finds that sanctions other than dismissal would prove ineffective in compelling compliance with court orders. *See Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011), *adopted by*, 2011 WL 2112301 (D.N.J. May 25, 2011), *aff'd*, 506 F. App'x 156 (3d Cir. 2012) (concluding that, "alternative sanctions would not prompt [p]laintiff to comply with his discovery obligations given his refusal to comply thus far even after being placed on notice that sanctions may be imposed"). The fifth *Poulis* factor therefore favors dismissal.

The final *Poulis* factor requires an evaluation of the meritoriousness of Plaintiff's claim. In addressing the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. A court need not, however, "balance both parties' claims and defenses" nor "have a mini-trial before it can impose a default." *Hoxworth*, 980 F.2d at 922. At this stage of the proceedings, the Court lacks a record sufficient to evaluate the meritoriousness of Plaintiff's claim. The Court therefore finds this factor neutral. *See Caffrey v. Scott*, No. 10-5055, 2011 WL 4528169, at *4 n.1 (D.N.J. Sept. 28, 2011) (finding the sixth *Poulis* factor "largely neutral" because the court did not possess "sufficient grounds to evaluate the meritoriousness" of plaintiff's claims at that stage of the proceeding).

As noted *supra*, "'*Poulis* requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" *See Williams*, 2011 WL 2119095, at *8 (quoting *Chiarulli*, 2010 WL 1371944, at *4). The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's complaint. For the reasons set forth herein, the Court

therefore respectfully recommends that Plaintiff's complaint be dismissed with prejudice.

**Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b)(2).**

                                               s/ Ann Marie Donio
                                               ANN MARIE DONIO
                                               UNITED STATES MAGISTRATE JUDGE

Dated: April 5, 2019

```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| JOHN MCMICKLE,<br><br>              Plaintiff,<br><br>     v.<br><br>GLOUCESTER COUNTY SHERIFF'S OFFICE, et al.,<br><br>              Defendants. | Civil No. 18-11847 (JBS/AMD) |

**PROPOSED ORDER**

This matter comes before the Court *sua sponte* in light of *pro se* Plaintiff John McMickle's failure to appear for a court-ordered hearing on January 23, 2019; failure to enter his appearance *pro se* or obtain an attorney and have new counsel enter an appearance on his behalf; failure to appear for a court-ordered telephone conference on March 7, 2019; failure to appear for a court-ordered hearing on March 26, 2019; and failure to prosecute his case. (*See* Order to Show Cause [D.I. 20], Mar. 8, 2019); and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they had fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local

Civil Rule 72.1(c)(2), and no objections having been received; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown:

IT IS on this \_\_\_\_\_ day of _____ 2019 hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint shall be, and is hereby, **DISMISSED WITH PREJUDICE**.

_____
JEROME B. SIMANDLE
UNITED STATES DISTRICT JUDGE